**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

JOHN-PAUL FAGOT, )
)
        Plaintiff, )
)
v. ) Case No. 10-4086-CV-C-FJG
)
THOMAS J. ORTBALL, et al., )
)
        Defendants. )

## **ORDER**

Pending before the Court are (1) Defendant Dennis G. Woodworth's Motion to Dismiss or, in the Alternative, to Transfer Plaintiff's Complaint (Doc. No. 3); (2) Defendant Dennis G. Woodworth's Motion to Dismiss or, in the Alternative, to Transfer Plaintiff's First Amended Complaint (Doc. No. 18); (3) Defendants Ortbal and Schuering's Motion to Dismiss (Doc. No. 15); (4) Illinois State Bar Association's Motion to Dismiss (Doc. No. 6); (5) Illinois State Bar Association's Supplemental Motion to Dismiss (Doc. No. 17); (6) Illinois State Bar Association's Motion (in the Alternative) to Transfer Venue (Doc. No. 8); and (7) Plaintiff's various motions for default judgment (Doc. Nos. 10, 11, 21, 28, and 35). All will be considered below.

**I.    Background**

Pro se plaintiff[1] John Paul Fagot filed his complaint against the Illinois Bar Association, Illinois state court judges Thomas J. Ortbal and Mark A. Schuering, the State of Illinois, and Illinois attorney Dennis G. Woodworth on April 27, 2010. Although plaintiff's 29-page complaint is not a model of clarity, it appears that plaintiff attempted to represent his mother in the state courts of Illinois, and was prevented from doing so as he is not licensed to practice law. It further appears that defendant Woodworth represented a

---

[1]Plaintiff is not proceeding in forma pauperis, and paid the Court's filing fee.

nursing home where plaintiff's mother resided in an action to collect a debt for services owed. (See Doc. No. 1, p. 15.) Plaintiff complains that defendant Woodworth made misrepresentations to the Illinois judges, defendants Ortbal and Schuering (see Doc. No. 1, pp. 17-18). Plaintiff also alleges he was arrested in the Illinois courthouse (Doc. No. 1, p. 19).

It appears plaintiff attempted to serve all then-named defendants using certified mail (but not using a waiver of service form) near the end of August 2010 (see Doc. No. 2). On September 8, 2010, plaintiff filed his first amended complaint (Doc. No. 5)[2]. Notably, plaintiff indicates in his first amended complaint, "I have chosen at this time to Remove ILLINOIS BAR ASSOCIATION et al and STATE OF ILLINOIS et al and to add Brent Fisher." Defendant Fisher is the Sheriff of Adams County, Illinois. Within the first amended complaint, plaintiff alleges that defendants conspired to commit "PIRACY, THEFT, IDENTITY THEFT, EXTORTION, TREASON, FRAUD, FILING OF FALSE DOCUMENTS, and otHis [sic] FELONIES. . . ." Doc. No. 5, p. 9. Plaintiff alleges that defendants confiscated his homestead, even though plaintiff challenged their jurisdiction over him. See Doc. No. 5, pp. 16-18. Plaintiff also asserts he was denied due process in Illinois. He then cites page after page of federal criminal statutes, without explaining their relevance to the matter at hand. Generally speaking, however, plaintiff's claims appear to be for violations of his civil rights (for instance, he captions his first amended complaint as "Verified Complaint for Deprivation of Rights Under Color of Law").

It appears that plaintiff attempted to serve defendant Fisher a copy of the amended complaint by certified mail, which was received by someone in Fisher's office on September 9, 2010. To-date, defendant Fisher has not filed an answer or other response to plaintiff's first amended complaint.

**II.     Illinois State Bar Association Motions (Doc. Nos. 6, 17, and 8)**

---

[2]Plaintiff's first amended complaint was filed within the time for amending a pleading once as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1), as no party had served a responsive pleading to plaintiff's complaint at that time.

The Illinois State Bar Association (ISBA) has filed a Motion to Dismiss (Doc. No. 6), its Supplemental Motion to Dismiss (Doc. No. 17), and its motion to transfer venue (Doc. No. 8). As noted in its supplemental motion to dismiss (Doc. No. 17), it appears from the first page of plaintiff's first amended complaint that he is attempting to "remove" the ISBA from the lawsuit. Defendant ISBA, therefore, indicates that plaintiff has voluntarily dismissed his complaint against the ISBA. Plaintiff did not respond to any of the motions filed by the ISBA.

The Court agrees that the first amended complaint has removed the ISBA as a defendant, and that plaintiff has voluntarily dismissed his claims against the ISBA. Accordingly, the ISBA's supplemental motion to dismiss (Doc. No. 8) will be **GRANTED**[3], and the ISBA's motion to dismiss (Doc. No. 6) and motion to transfer venue (Doc. No. 8) will be **DENIED AS MOOT.**

### III.   Judges Ortbal and Schuering's Motion to Dismiss (Doc. No. 15)

Judges Ortbal and Schuering, who are judges in Adams County, Illinois, move to dismiss on the following bases: (1) sovereign immunity; (2) judicial immunity; (3) Rooker-Feldman doctrine; (4) non-entitlement to injunctive relief; and (5) improper venue. Plaintiff's response (Doc. No. 24), simply indicates that he objects to the motion to dismiss, and makes various frivolous arguments that counsel cannot represent the interests of defendants Ortbal and Schuering.

The Court agrees with defendants Ortbal and Schuering that the claims against them should be dismissed. In particular, the Court finds plaintiff's claims are barred by judicial immunity. The Court agrees that the factual allegations in plaintiff's complaint demonstrate that plaintiff has sued Ortbal and Schuering solely for acts taken in their judicial capacity. A judge can only be held liable when the acts complained of are not judicial in nature, or when the judge is acting "in the complete absence of jurisdiction." Mireles v Waco, 502

---

[3]Furthermore, plaintiff indicated in his first amended complaint that he was removing his claims against the state of Illinois. Therefore, for the same reasons, plaintiff's claims against the state of Illinois are **DISMISSED.**

U.S. 9, 11-12 (1991). Plaintiff has not alleged facts demonstrating that either of these exceptions to the general rule of judicial immunity apply. Further, as noted by defendants, plaintiff has no claim for injunctive relief for ongoing violations of federal law. Therefore, plaintiff's claims against defendants Ortbal and Schuering should be dismissed. Their motion to dismiss (Doc. No. 15) is **GRANTED.**

IV. **Defendant Dennis G. Woodworth's Motions to Dismiss or Transfer (Doc. Nos. 3 and 18)**

Defendant Dennis G. Woodworth filed motions to dismiss both the original complaint (Doc. No. 3) and the first amended complaint (Doc. No. 18). Defendant's motion to dismiss the original complaint (Doc. No. 3) will be **DENIED AS MOOT.**

Defendant Woodworth moves to dismiss on the following bases: (1) failure to comply with the pleading requirements of Fed. R. Civ. P. 8 and 9; (2) failure to state a claim that Woodworth, as a private attorney, was acting under color of state law; and (3) venue in the Western District of Missouri is improper. Again, plaintiff's opposition to the motion to dismiss is not responsive to the substance of defendant's motion; instead, it indicates plaintiff's non-consent and objection to the motion, and argues that defendant's attorney cannot represent him in this action.

The Court agrees that defendant Woodworth, as a private attorney, is not a state actor and therefore generally cannot be held liable under section 1983. See Bilal v. Kaplan, 904 F.2d 14, 15 (8th Cir. 1990). Furthermore, although private persons can be held liable under section 1983 if they engage in a conspiracy with a state or local official to deprive a plaintiff of constitutional rights, see Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970), plaintiff makes no factual allegations that a conspiracy has taken place. Instead, plaintiff's conspiracy allegations rest on bald assertions and conclusions, which must be disregarded by the Court in making its determination on the pending motion to dismiss. Silver v. H&R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997). To the extent that plaintiff has alleged claims that are not section 1983 civil rights violations, the Court agrees with defendant Woodworth that the first amended complaint is an improper pleading under Fed. R. Civ. P. 8 and 9, in

that plaintiff fails to allege facts sufficient to suggest the nature of his claims against defendant Woodworth. Plaintiff has not stated "a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Therefore, the Court finds that plaintiff's claims against defendant Woodworth should be dismissed, and his motion to dismiss (Doc. No. 18) will be **GRANTED**.

**V.     Motions for Default Judgment (Doc. Nos. 10, 11, 21, 28, and 35)**

Finally, the Court turns to plaintiff's various motions for default judgment. Four of the motions (Doc. Nos. 10, 11, 21, and 35) request default judgment as to defendants Ortbal and Schuering. Defendants responded (Doc. No. 33), indicating that they had not been properly served, and even if they had, defaults are disfavored, especially if defendants have a meritorious defense. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998). As demonstrated above in relation to defendants Ortbal and Schuering's motion to dismiss, defendants have a meritorious defense to this lawsuit. The motions related to defendants Ortbal and Schuering (Doc. Nos. 10, 11, 21, and 35) will be **DENIED.**

Finally, the Court turns to the motions for default judgment (Doc. Nos. 28 and 35) as to defendant Fisher, who has not yet filed an answer or other response to plaintiff's first amended complaint. It appears from the record that plaintiff has failed to properly serve defendant Fisher (instead, it appears that plaintiff attempted to serve via certified mail, without requesting a waiver of service). The Court also questions whether plaintiff has pled a plausible claim against defendant Fisher; in the approximately 45 pages of plaintiff's first amended complaint, the only allegations specifically referring to Fisher are at page 15 (describing Fisher as a resident and employee of Quincy, Illinois), page 18 (indicating that Fisher "failed to meet or rebut with evidence" that he had subject matter jurisdiction over plaintiff); page 34 (alleging that "pirate property" was remitted to Sheriff Brent Fisher "who volunteered to assist in the Receipt of Pirate Property when Mark A. Schuering gave [My Homestead paid for with Lawfull Silver Dollars] to someone else"); and page 35 (again

alleging that Fisher participated in receipt of pirate property). At best, these allegations appear to suggest that Fisher was carrying out orders of the Illinois courts, which is not sufficient to state a plausible claim.

Accordingly, plaintiff's motions for default judgment as to defendant Fisher (Doc. Nos. 28 and 35) will be **DENIED**. Instead, plaintiff is **ORDERED TO SHOW CAUSE IN WRITING** on or before **MONDAY, NOVEMBER 15, 2010,** why his claims against defendant Fisher should not be dismissed for failure to state a claim upon which relief can be granted. Plaintiff is cautioned that failure to respond to this Order will result in the Court ruling on the record currently before it.

## VI. Conclusion

Therefore, for the foregoing reasons:

(1) ISBA's supplemental motion to dismiss (Doc. No. 8) is **GRANTED**, and the ISBA's motion to dismiss (Doc. No. 6) and motion to transfer venue (Doc. No. 8) are **DENIED AS MOOT**;

(2) Any claims against the state of Illinois are **DISMISSED**;

(3) Defendants Ortbal and Schuering's motion to dismiss (Doc. No. 15) is **GRANTED**;

(4) Defendant Woodworth's second motion to dismiss (Doc. No. 18) is **GRANTED**, and his first motion to dismiss (Doc. No. 3) is **DENIED AS MOOT**;

(5) Plaintiff's motions for default judgment (Doc. Nos. 10, 11, 21, 28, and 35) are **DENIED**; and

(6) Plaintiff is ORDERED to show cause in writing on or before November 15, 2010, why his claims against defendant Fisher should not be dismissed.

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:  10/28/10
Kansas City, Missouri