# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOHN-PAUL FAGOT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 10-4086-CV-C-FJG |
| THOMAS J. ORTBALL, et al., | ) ) ) |
| Defendants. | ) |

## ORDER

Before the Court is plaintiff's response to the Court's Order to Show Cause (Doc. No. 38). On October 28, 2010, this Court dismissed all defendants with the exception of defendant Brent Fisher, Sheriff of Adams County, Illinois. Upon review of plaintiff's complaint, the Court questioned whether plaintiff had pled a plausible claim against defendant Fisher, as in the approximately 45 pages of plaintiff's first amended complaint, the only allegations specifically referring to Fisher are at page 15 (describing Fisher as a resident and employee of Quincy, Illinois), page 18 (indicating that Fisher "failed to meet or rebut with evidence" that he had subject matter jurisdiction over plaintiff); page 34 (alleging that "pirate property" was remitted to Sheriff Brent Fisher "who volunteered to assist in the Receipt of Pirate Property when Mark A. Schuering gave [My Homestead paid for with Lawfull Silver Dollars] to someone else"); and page 35 (again alleging that Fisher participated in receipt of pirate property). At best, these allegations appear to suggest that Fisher was carrying out orders of the Illinois courts, which is not sufficient to state a plausible claim. The Court, therefore, denied plaintiff's motions for default judgment as to defendant Fisher, and ordered plaintiff to show cause why his claims against defendant Fisher should not be dismissed for failure to state a claim upon which relief can be granted.

On November 15, 2010, plaintiff filed his response to the Court's Order to Show Cause. The Court has reviewed plaintiff's 17-page response to the Order to Show Cause,

which is generally non-responsive to the Court's concerns outlined in its previous order.[1] Plaintiff certainly does not explain how defendant Fisher wronged him, so that his claims could proceed in federal court.

Accordingly, plaintiff's claims against defendant Fisher are **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

/s/Fernando J. Gaitan, Jr.
Chief United States District Judge

Dated:   11/17/10
Kansas City, Missouri

---

[1] Instead, plaintiff mainly complains that the Court dismissed the other defendants in this lawsuit by its previous order (Doc. No. 36).  Plaintiff also complains that the Order dated October 28, 2010, is invalid because it does not contain a "wet ink signature." See Doc. No. 38, p. 10.  Plaintiff even complains that this Court lacks jurisdiction over him (see Doc. No. 38, p. 4); if that is truly the case, then this matter should be dismissed on that basis as well. Needless to say, plaintiff's complaints lack merit.